Mr. Justice Clayton
delivered the opinion of the court.
Our statute requires the garnishee, when summoned for the purpose, to state what he is indebted to the defendant in the judgment, and authorizes a judgment against him for the amount admitted to be due. If, however, the indebtedness be denied by the answer, and there be no finding of a jury against it, then no judgment can be entered against the garnishee. H. & H. 557.
*354 In this case the answer was not contested, nor does it admit any indebtedness. It discloses the purchase of a lot of ground in the state of Texas, by the garnishee, and the execution of his note for a part of the stipulated price, but says there is some doubt about the title of the lot, and that the note may have been assigned, though no notice to that effect has been received.
The plaintiff in the execution insists upon a judgment in his favor upon the answer, because it discloses no defence to the note as between the garnishee and the original payee.
This is asking too much. The transaction took place in Texas; the note, for any thing that appears, was payable there, and the contract to be governed by the laws of that state. The plaintiff should have shown, that according to those laws operating upon the construction of the contract, he was entitled to the judgment. The laws of this state will regulate the remedy. If the note were negotiable in Texas, in the commercial sense of the term, and had been indorsed before maturity; or if a partial failure of consideration were admissible as a defence there to the note, such defence would, in either event, be admissible here. Unless the plaintiff shows himself entitled to judgment by law, none can be rendered for him. See Huff v. Mills, 7 Yerg. 42.
The garnishee does not admit any indebtedness, on the contrary, he denies it. The object here is to obtain judgment upon the admissions of the answer. Its statements do not warrant this, and the judgment discharging the garnishee is affirmed.
Judgment affirmed.